UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

|  |  |  |
|---|---|---|
| ELLIS HERNANDEZ, | : | |
| | : | |
| Plaintiff, | : | 13 Civ. 5625 (PAE) (DF) |
| -v- | : | |
| | : | OPINION & ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/31/15

PAUL A. ENGELMAYER, District Judge:

Plaintiff Ellis Hernandez, proceeding *pro se*, brings this action pursuant to § 205(g) of the

Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the

Commissioner of Social Security (the "Commissioner"), which denied Hernandez's application

for disability insurance benefits under Title II of the Social Security Act. On September 2, 2014,

the Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c). On January 13, 2015, Hernandez submitted a letter, which was construed as an

opposition to defendant's motion and as a cross-motion for judgment on the pleadings in

Hernandez's favor. Before the Court is the July 6, 2015 Report and Recommendation of the

Honorable Debra Freeman, United States Magistrate Judge, recommending that the Court grant

the Commissioner's motion and deny Hernandez's cross-motion. Dkt. 34 (the "Report"). For

the following reasons, the Court adopts the Report in full.

I.      **Background**[1]

Hernandez, who is now age 53, claims that he is disabled due to a back disorder and

anxiety disorder stemming from a workplace injury he incurred falling from a ladder on August

24, 1992.  Although the precise nature of his work at the time is not clear, Hernandez was

working in a construction, design, and/or consulting capacity for a real estate brokerage firm.

Hernandez was fired from his job on October 30, 1992, and has not worked or sought work

since.  In his application for benefits, Hernandez alleged that the onset of his disability was

March 6, 1996.  On December 31, 1997, Hernandez's insured status expired.

On March 23, 2011, Hernandez filed an application for disability insurance benefits.

After the Social Security Administration denied his application on May 20, 2011, he requested

and was granted a hearing before an Administrative Law Judge ("ALJ").  On April 10, 2012,

Herndandez, appearing *pro se*, testified at a hearing, held via video conference, before ALJ

Patrick Kilgannon.

On April 20, 2012, the ALJ issued a decision concluding that Hernandez was not disabled

within the meaning of the Social Security Act for the period from March 6, 1996 through

December 31, 1997.  That conclusion was based on the ALJ's determination that during the

relevant period, Hernandez's residual functional capacity ("RFC") permitted him to do medium

work, so long as the work met additional restrictions, including that the work only occasionally

required certain forms of physical activity, that it was limited to simple, repetitive tasks

involving only occasional decision-making, and that it did not involve contact with the general

public.  The ALJ further found that although Hernandez's RFC did not enable him to resume his

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts
provided in the Report.  Hernandez does not object to the Report's recitation of the facts, and the
Court therefore adopts that recitation in full.

prior work, based on the testimony of a vocational expert, there were jobs existing in significant

numbers in the national economy that Hernandez could have performed within the bounds of his

RFC.  On June 18, 2013, the Appeals Council denied Hernandez's request for review of the

ALJ's decision, making the ALJ's decision the Commissioner's final decision.

On August 6, 2013, Hernandez, proceeding *pro se*, commenced this action.  *See* Dkt. 2

("Complaint").  The Complaint asserts that the ALJ's decision was erroneous, not supported by

substantial evidence, and/or contrary to law.  *Id.*  On August 20, 2013, the Court referred this

case to Judge Freeman.  Dkt. 5.  On June 27, 2014, the Commissioner answered.  Dkt. 24.

On September 2, 2014, the Commissioner filed a motion for judgment on the pleadings

dismissing the Complaint, Dkt. 28, along with a supporting memorandum of law, Dkt. 29

("Comm'r Br.").  After Hernandez failed to timely respond to the Commissioner's motion, on

October 29, 2014, Judge Freeman *sua sponte* granted Herndandez an extended period of time to

oppose the Commissioner's motion and file a cross-motion, and receiving no response, on

January 6, 2015, issued an Order to Show Cause for why the Complaint should not be dismissed

for failure to prosecute.  On January 16, 2015, Hernandez filed a letter to Judge Freeman,

explaining that his failure to respond was due to his disability, and further indicating his desire to

continue with the case and urging a ruling in his favor.  Dkt. 32 ("Hernandez Br.").   Because

Hernandez was acting *pro se*, Judge Freeman construed Hernandez's letter as an opposition to

the Commissioner's motion and a cross-motion for judgment on the pleadings in his favor.  On

January 21, 2015, the Commissioner submitted a letter to Judge Freeman declining to formally

respond to Hernandez's January 16 letter.

On July 6, 2015, Judge Freeman issued the Report, recommending that the Court grant

the Commissioner's motion and deny Hernandez's cross-motion.  Dkt. 34.  On July 18, 2015,

Hernandez prepared an affidavit with objections to the Report, which was filed by the *Pro Se*

Office on August 5, 2015.  Dkt. 37 ("Hernandez Objs.").  On August 9, 2015, the Commissioner

filled a response to Hernandez's objections.  Dkt. 38 ("Comm'r Resp.").

## II.       Discussion

### A.       Applicable Legal Standards

"A district court may set aside the Commissioner's determination that a claimant is not

disabled only if the factual findings are not supported by 'substantial evidence' or if the decision

is based on legal error."  *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted);

*see also* 42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has

been made, "a district court need only satisfy itself that there is no clear error on the face of the

record."  *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1

(S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp.

2d 163, 169 (S.D.N.Y. 2003).  Where a party timely objects to a Report and Recommendation,

the district court reviews those portions of the report to which the party objected *de novo*.  28

U.S.C. § 636(b)(1)(C).  However, "it is well-settled that when the objections simply reiterate

previous arguments or make only conclusory statements, the Court should review the report for

clear error."  *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1

(S.D.N.Y. June 25, 2013); *accord Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009)

(collecting cases).  That is, "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition."  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citation omitted).

### B.      Hernandez's Objections to the Report

Hernandez's objections to the Report, contained in a single paragraph, express general opposition to the Report's conclusion but do not identify any specific legal or factual error in the analysis.  Even construing Hernandez's objections liberally, as the Court is required for *pro se* submissions, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (collecting cases), the issues raised here do not require *de novo* review.

Hernandez's objection states that he "disagree[s]" with the Report.  Hernandez Objs.  He explains that his physical and mental conditions have "worsen[ed]" since his 1992 accident and that his conditions qualify as a disability.  *Id.*  He describes back pain that inhibits his ability to walk, and phobias that keep him from being able to leave the house, go in elevators, or be around people.  *Id.*  Hernandez further criticizes the medical opinions of the doctors whose evaluations supported the ALJ's determination, saying that any doctor who asserted that he was "improving" was "incorrect" and challenging their ability to adequately form diagnoses "just by looking at a patient."  *Id.*  Casting Hernandez's submission in the light most favorable to him, the Court treats Hernandez as challenging the sufficiency of the evidence supporting the ALJ's conclusions that, during the time period between the alleged onset of his disability and the end of his insured status, Hernandez had an RFC that would have allowed him to work in certain types of positions, and that there were significant numbers of such jobs available in the national economy.

Hernandez's objection does not receive *de novo* review because it was raised before and

considered by Judge Freeman.  In his decision, the ALJ first established that to be eligible for

disability benefits, Hernandez had to establish the existence of a disability while he was insured

for disability benefits, which, based on his prior earnings, meant that he had to demonstrate a

disability between March 6, 1996, the alleged onset date, and December 31, 1997, the date his

insured status expired.[2]  Report at 31.  Later in the analysis, the ALJ determined Hernandez's

RFC based on a review of the objective medical evidence reflecting numerous doctors' treatment

and evaluation of Hernandez.  *Id.* at 33–36.  Judge Freeman's thoughtful and thorough Report

described at length the medical evidence before the ALJ, as well as medical documents appended

as attachments to Hernandez's Complaint in this action.  *See id.* at 4–18.  After describing the

ALJ's decision in detail, *id.* at 31–36, Judge Freeman found that the medical evidence "not only

supported the ALJ's finding that Plaintiff suffered from low back pain and panic attacks, but also

supported his conclusion that neither of these impairments were so significant as to preclude

Plaintiff from engaging in any type of work," *id.* at 36.  Thus, Judge Freeman found that the ALJ

"applied proper legal analysis" and "his decision, in all material respects, is supported by

substantial evidence in the Record."  *Id.* at 38; *see id.* at 36–38.

Judge Freeman's Report thus addressed the issues raised in Hernandez's January 16,

2015 letter, which raised the same substantive issues Hernandez raises in his objections.  *See*

Hernandez Br. at 1–2 ("On the mental side a variety of phobias [plague] me. . . .  As for the

physical injuries the most severe is my back.").  Because these issues were raised before and

considered by Judge Freeman, the Report's determination that the ALJ's decision was supported

---

[2] A claimant must be insured at the time he becomes disabled in order to qualify for Social Security disability benefits. *See Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (citing 42 U.S.C. § 423(a)(1)(A)).

by substantial evidence is reviewed for clear error. *Ortiz*, 558 F. Supp. 2d at 451. The Court finds none.

## CONCLUSION

For the reasons articulated in the Report, the Court grants the Commissioner's motion, Dkt. 28, and denies the requests set forth in Hernandez's letter, Dkt. 32, which has been construed as a cross-motion. The Clerk of Court is directed to terminate the motion pending at docket number 28, and to close this case.


SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge


Dated: August 31, 2015
         New York, New York